MAURICE O'MEARA COMPANY, Appellant, v. THE NATIONAL PARK BANK OF NEW YORK, Respondent.

First Department, June 6, 1924.

**Banks and banking — action on confirmed letter of credit — letter, issued to cover purchase of paper, required that documents must meet bank's approval — letter specified that paper was to be of stated quality — defendant was justified in refusing to pay draft in absence of proof that paper was of required quality.**

In an action to recover the amount of a draft which was drawn under a confirmed letter of credit in favor of the drawer to cover the purchase of paper, *held*, that the defendant was justified in refusing to honor the draft against the letter of credit in the absence of proof that the paper shipped, for the purchase price of which the draft was drawn, was of the required quality, since the letter of credit distinctly stated that the paper should be of a certain quality and that the documents presented with the draft must meet the approval of the defendant.

APPEAL by the plaintiff, Maurice O'Meara Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 3d day of December, 1923, denying his motion for summary judgment.

*Shearman & Sterling* [*Carl A. Mead* of counsel; *Philip W. Lowry* with him on the brief], for the appellant.

*Louis F. Doyle* [*Archibald R. Watson* of counsel; *John M. Harrington* with him on the brief], for the respondent.

First Department, June, 1924.                    [Vol. 209

Smith, J.:

The plaintiff is suing upon a letter of credit which reads as follows:

" The National Park Bank
of New York

" Our Credit No. 14956                    "*October* 28, 1920.

" Messrs. Ronconi & Millar,

" 49 Chambers Street,
" New York city, N. Y.:

" Dear Sirs.— In accordance with instructions received from the Sun-Herald Corporation of this City, we open a confirmed or irrevocable credit in your favor for account of themselves, in amount of $224,853.30, covering the shipment of 1322-2/3 tons of newsprint paper in $72\frac{1}{2}''$ and $36\frac{1}{2}''$ rolls to test 11–12, 32 lbs at $8\frac{1}{2}$c per pound net weight — delivery to be made in December 1920 and January 1921.

" Drafts under this credit are to be drawn at sight on this Bank, and are to be accompanied by the following documents of a character which must meet with our approval:

" Commercial Invoice in triplicate

" Weight returns

" Negotiable Dock Delivery Order actually carrying with it control of the goods.

" This is a confirmed or irrevocable credit, and will remain in force to and including February 15th, 1921, subject to the conditions mentioned herein.

" When drawing drafts under this credit, or referring to it, please quote our number as above.

" Very truly yours,
" H. L. SPARKS,
"*Assistant Cashier* (R. C.) "

The plaintiff is the assignee of the party for whom the above letter of credit was procured, and is also the party who furnished the paper in question. The plaintiff's assignor presented drafts for a certain quantity of paper, accompanied by documents which it is claimed complied with the requirements of the letter of credit. The defendant refused to pay the drafts on the ground that the documents presented were not satisfactory, that is, did not meet with its approval. The separate defenses of the defendant set up these reasons for declining to pay the drafts and are substantially as follows: *First*, that the letter of credit in so many words provides that the paper should test 11–12, which it claims means that evidence of such a test should be furnished. *Second*, that the

documents which must be presented must show that the paper was of such a test in order to meet with its approval. An examination of the documents claimed by the plaintiff to have been presented to the defendant nowhere shows that the paper proposed to be delivered met the test required by the letter of credit. The first " commercial invoice " presented by the plaintiff's assignor has, among other things, the words " in test 11/12–32"." With this commercial invoice was presented an affidavit of the assistant treasurer of the plaintiff, who swore that he had tested a sample of the paper covered by the invoice and that it tested twelve points to thirty-two pounds. The defendant, having received information that the paper tendered was not of the required test, declined to accept the documents tendered, on the ground that they did not meet with their approval.

It would seem not only that the letter of credit was against documents to be presented, but that there should be reasonable proof that the paper tendered met the required test; and further, that the wording of the letter of credit would permit the defendant to decline to accept the drafts if the documents presented were not satisfactory to it. It further appears, as justifying the attitude of the defendant in declaring that the documents were not satisfactory, that the plaintiff and defendant agreed that tests of samples of the paper tendered should be made by a testing company, and that the result of that test was that the paper did not meet the requirements of the letter of credit.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

DOWLING, MERRELL, FINCH and McAVOY, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.